

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Chas. A. Tosch
County Auditor
Records Building
Dallas, Texas

Dear Mr. Tosch:     Opinion No. O-5877

Re:  Can expenses of County
Judge and County Commission-
er of Dallas County in making
a trip to Washington to ap-
pear before the War Production
Board in connection with the
construction of State Highway
No. 183 be paid by Dallas
County?

Your letter of February 18th has been received,
which reads in part as follows:

"The Commissioners' Court at a recent
meeting delegated County Judge Al Temple-
ton and Commissioner Lynn Lawther to appear
before the War Production Board in Washing-
ton, D. C., in the interest of the comple-
tion of State Highway No. 183, which is al-
so known as the North Ft. Worth Road. This
project has been held up by the War Pro-
duction Board -- after the contract was let
by the State Highway Commission -- and con-
siderable amount of work had already been
done.

"I would like an opinion from your de-
partment as to whether or not the expense
of this trip can be paid by Dallas County,
and if so, out of which fund."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 6673 of the Revised Civil Statutes authorizes the State Highway Commission of Texas to take over and maintain the various State highways in Texas. The first sentence of said Article reads:

"The Commission is authorized to take over and maintain the various State highways in Texas, and the counties through which said highway passes shall be free from any cost, expense or supervision of such highways."

In Iverson v. Dallas County, 110 S. W. (2) 255, the court in construing the above Article and the other statutes relative to the powers and organization of the State Highway Commission, held that when the State Highway Department took over the control, management and maintenance of a State highway, the county lost control thereof insofar as its maintenance and upkeep are concerned.

It appears from your letter that the State Highway Commission has taken charge of the road project in question, and has let the contract for the building thereof. We presume that said highway is now a part of the State highway system. If we are correct in this assumption, then the maintenance and upkeep thereof is not county business.

Based upon the above assumption, it is our opinion that the expenses of the County Judge and County Commissioner in going to Washington for the purpose named cannot be paid out of the Road and Bridge Fund, or any other fund, of Dallas County.

Since Dallas County is not required to build or maintain the road in question, the proposed trip to Washington would not be in furtherance of county road business.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant